

# THE ATTORNEY GENERAL
## OF TEXAS

July 5, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Bryan M. Perot
Executive Officer
Polygraph Examiners Board
P. O. Box 4087
Austin, Texas  78773-0001

Opinion No. JM-1067

Re:  Whether payment of a poly-graph licensing fee  may be re-funded when  the  licensee dies
(RQ-1711)

Dear Mr. Perot:

You ask whether the Polygraph Examiners Board has authority to refund a portion of the annual license fee to the estate of a licensee who died during the term of his license. We conclude that the board has no authority to make such a refund.

The Polygraph Examiners Board is governed by the provisions of article 4413(29cc), V.T.C.S. Section 17 of article 4413(29cc) provides in part:

> (a) Each polygraph examiner's license shall be issued for the term of one year and shall, unless suspended or revoked, be renewed annually.

> (b) A person may renew his unexpired license by paying to the board before the expiration date of the license the required renewal fee.

Section 17A provides:

> The board by rule may adopt a system under which licenses expire on various dates during the year. For the year in which the expiration date is changed, license fees payable on the date in effect at the time the rule is adopted shall be prorated on a monthly basis so that each licensee shall pay only that portion of the license fee which is allocable to the number of months during which the license is valid. On renewal of the license on the new expiration date, the total license renewal fee is payable.

This office has issued several opinions that considered whether an entity had authority to prorate an initial licensing fee when the initial licensing fee would be valid for less than a year. Three opinions concluded that language requiring the annual fee to accompany the application for an initial license indicated that an entity had no authority to prorate the initial fee. Attorney General Opinions JM-399 (1985); M-1107 (1972); M-580 (1970). In contrast, a 1975 opinion concluded that a statute that set an annual fee but did not require the "annual fee" to accompany an initial application permitted proration of the initial fee. Attorney General Opinion H-708 (1975). The statute in question in Attorney General Opinion H-708 did, however, require that a license be issued "upon receipt of all license fees." Because of that language, Attorney General Opinion JM-399 (1985) called into question the continuing validity of Attorney General Opinion H-708.

In any case we think that the prior opinions make clear that an agency must have either express or clearly implied authority to prorate license fees. We find no prior opinions that directly address the question of whether an agency may refund a portion of an annual license fee to the estate of a licensee who dies during the term of his license. We conclude, however, based on the opinions discussed above, that an agency must have either express or clearly implied authority to refund a portion of an annual license fee. Section 17A of article 4413(29cc) allows proration of initial license fees under specified circumstances. No other provision of article 4413(29cc) permits proration. The provision governing renewal fees simply states that a person may renew his license "by paying to the board before the expiration date of the license the required renewal fee." V.T.C.S. art. 4413(29cc), § 17(b). Therefore, because we find no provision that permits, either expressly or by implication, a refund in the circumstances you ask about, we conclude that the Board of Polygraph Examiners has no authority to refund a portion of an annual license fee to the estate of a licensee who dies during the term of his license.[1]

---

1. We do not consider in this opinion whether the board has authority to refund the entire renewal fee before the commencement of the year covered by the renewal fee.

## S U M M A R Y

The Board of Polygraph Examiners has no authority to refund a portion of an annual license fee to the estate of a licensee who dies during the term of his license.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General